# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TED KNOX, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17-CV-494-SMY-RJD |
| JOHN TROST, WALTERS, and WEXFORD HEALTH SOURCES, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ted Knox, an inmate currently incarcerated at Menard Correctional Center, is proceeding *in forma pauperis* in this 42 U.S.C. § 1983 action, alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment to the United States Constitution. Defendants John Trost and Wexford Health Sources waived service of process making their responsive pleadings due on September 5, 2017 (Docs. 16 and 20). Defendants failed to timely file a responsive pleading and the Clerk of Court entered default on November 3, 2017 at the Plaintiff's request (Docs. 24 and 25). Thirteen days later, Defendants moved to set aside the Entry of Default (Doc. 27). After noting that Plaintiff did not file a response to the Motion, this Court set aside the Entry of Default on May 8, 2018 and the case proceeded on the merits (Doc. 35). Now before the Court is Plaintiff's Motion to Objection/Oppose the Court Granting Defendants Motion to Set Aside Default Judgment Entry (Doc. 44). Defendants have not responded to the Motion.

In the Motion, Plaintiff asserts that he was not served with Defendants' Motion to Set Aside the Entry of Default and therefore could not respond to the Motion. As evidence of the lack of

service, Plaintiff points to his Motion for Clarification, filed two months before this Court's Order on the Entry of Default, in which he sought a status report on his request for entry of default and whether Defendants Trost and Wexford had answered (Doc. 30). This suggests that Plaintiff had in fact not received the Clerk's Entry of Default (Doc. 25) or the Motion to Set Aside Default (Doc. 27).[1] While it appears that Plaintiff did not timely receive the Motion to Set Aside Default, he clearly has had an opportunity to respond to the arguments made therein. The Court therefore construes the instant motion as one for reconsideration.

Plaintiff argues that Defendants failed to timely file their Answer; waiting seven months after the Entry of Default. This argument is unavailing because Defendants could not file an Answer until the Entry of Default was set aside, which occurred six months after they entered an appearance. And, Defendants filed their Answer within three days of the Order vacating the Entry of Default.

Plaintiff next argues that Defendants' excuse for defaulting is "beyond belief." Defendants claim they had comingled the service documents in this case with service documents in a related matter, 17-cv-754, in which Knox is also the plaintiff and various defendants are represented by the same counsel in this case. Plaintiff argues that Defendants' claim is not to be credited because Trost was never a defendant in that case and Wexford was never served, having been dismissed at screening.

As explained in this Court's previous Order, pursuant to Federal Rule of Civil Procedure 55(c), the Court has discretion to set aside an Entry of Default for "good cause shown." A defendant seeking to set aside an Entry of Default must show, in addition to good cause, quick

---

[1] Plaintiff acknowledges receiving Defendants' attorneys' notice of entry of appearances filed on the same day (Docs. 26 and 28).

action to correct it and a meritorious defense. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-631 (7th Cir. 2009). Defendants made a sufficient showing in this case. Plaintiff's claim in 17-cv-754 was in fact severed from this matter upon the filing of the First Amended Complaint (Docs. 7 and 9). While Defendants should have paid attention to the caption in the summons, confusing two cases filed by the same Plaintiff suggests inadvertence or neglect but is not evidence of bad faith or willfulness. Moreover, Defendants acted quickly to cure the Entry of Default by seeking to set it aside upon learning of the mistake. Finally, while Defendants were not particularly specific about the meritorious defenses they have, they have filed a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies which Magistrate Judge Reona J. Daly recommends be granted. As such, Defendants may have a meritorious defense.

This Court and all district courts in this Circuit favor trial on the merits rather than through default and default judgment. *Sun v. Bd. Of Trustees of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). In that vein, this Court finds that Defendants have been actively participating in this lawsuit and that there is good cause to set aside the Entry of Default. Accordingly, Plaintiff's Motion for Reconsideration (Doc. 44) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 11, 2019**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**