**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TED KNOX | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 17-CV-494-SMY |
| | ) |
| WARDEN BUTLER, et al., | ) |
| | ) |
|       **Defendants.** | ) |

## MEMORANDUM AND ORDER

Plaintiff Ted Knox, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"), filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. After initial screening under 28 U.S.C. § 1915A and severance of several claims, Plaintiff proceeded on an Eighth Amendment claim for deliberate indifference to medical needs, against Defendants Trost, Walters, and Wexford Health Sources, Inc., for delaying and denying medical care after an April 14, 2014 incident of claimed excessive force. (Doc. 10). Trost was subsequently dismissed. (Doc. 71).

The case is now before the Court for consideration of the Motions for Summary Judgment (Docs. 75 and 77) filed by Walters and Wexford. With their Motions, Defendants filed a Notice pursuant to Federal Rule of Civil Procedure 56 warning Plaintiff about the adverse consequences of failing to respond. (Doc. 76 and 79). Plaintiff was deemed to have timely filed his Response (Doc. 114) to Wexford's Motion (Doc. 109). However, notwithstanding having been granted two (2) extensions of time to file his response to Walter's Motion, he failed to meet the extended deadline of September 8, 2020. (Doc. 106). Plaintiff then made his third effort to secure an extension of time to respond (Doc. 107) which was denied on September 8, 2020. (Doc. 108).

Undeterred, Plaintiff filed his motion for reconsideration of the denial of his third motion for an extension of time to file his response to Walter's Motion. (Doc. 111) This motion was also denied. (Doc. 114). Accordingly, Plaintiff has not effectively filed a response to Walter's Motion. Nevertheless, to the extent Plaintiff's Response to Wexford's Motion refers to matters involving Walters' Motion, such statements and arguments will be considered. To the extent it does not, the Court considers the alleged undisputed material facts admitted pursuant to Federal Rule of Civil Procedure 56(e).

## Material Facts

Plaintiff alleges that he was subjected to excessive force by Menard staff on April 14, 2014, resulting in dizziness, light-headedness, swelling and pain in his neck, back and shoulders. (Doc. 10, pp. 2-4). At his deposition, Plaintiff testified that he also had cuts on his wrist. (Doc. 78-2, p. 7).

Defendant Walters saw Plaintiff at his cell on April 25, 2014. (Doc. 10., p. 4). At that time, the facility was in lockdown. (*Id.*). Walters is a nurse employed by IDOC. (Doc. 23, p. 3). Plaintiff told Walters that he had been in pain since April 14, 2014 and showed her his cuts. (Doc. 78-2, pp. 7-8). Plaintiff testified that Walters told him he would not be removed from the cell or be examined until the lockdown was lifted. (*Id.*, pp. 7-8, 11).

The medical records indicate that an order was put in for Ibuprofen. (Doc. 75-2, p. 1). His blood pressure was somewhat elevated. (*Id.*). Plaintiff subsequently put in a request slip for a front cuff permit, for which Walters saw him again on April 29, 2014. (*Id.*, p. 2). The permit was denied, but Walters referred him to see a physician for continued high blood pressure. (*Id.*).

Plaintiff alleges that Walters' refusal to take him out of his cell on April 25, 2014 to be evaluated or treated was due to a policy of Wexford to "follow the Administrative decision(s)

which states inmates are not to be removed from their cells for examination(s) during level-1 lockdowns." (Doc. 10, p. 5). Plaintiff states that he was informed of this policy by former Defendant Trost at a medical exam on May 28, 2014 after the lockdown was lifted for renewal of a double-cuff permit. (*Id.*). Plaintiff testified that he was given Ibuprofen and a bandage at that visit, and that his injuries (other than arthritis) improved. (Doc. 78-2, p. 12). After further testing, he was also informed by Trost that his light-headedness and dizziness were due to his blood pressure issues. (*Id.*, p. 9).

## Discussion

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party is entitled to summary judgment where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. When deciding a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004). However, if the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 (1986).

Prison officials inflict cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To succeed on such a claim, an inmate must show (1) that he suffered from an

objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016).

A serious medical condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The second element – deliberate indifference – requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016).

### Walters

Defendant Walters argues that Plaintiff cannot meet his burden with regard to either element of his deliberate indifference claim.

With regard to the objective element, there is a genuine issue of material fact as to at least some of Plaintiff's claimed symptoms. Plaintiff asserts three types of medical conditions: dizziness/lightheadedness, pain and cuts on his wrist. Superficial cuts and dizziness are not sufficient. *See Henderson v. Sheahan,* 196 F.3d 839, 846 (7th Cir. 1999)*; Williams v. Stauche*, 709 F. App'x 830, 832 (7th Cir. 2017). However, severe pain—even relatively transitory severe pain—can be enough to satisfy the objective element. *See Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004).

The record contains insufficient facts to support the second element of Plaintiff's claim against Walters. Plaintiff's medical condition was pain. The medical record indicates that Walters put in an order for Plaintiff to receive Ibuprofen for the pain—a treatment that Plaintiff admits was effective when he received it at the end of May 2014. The fact that Plaintiff may not have received the medication that Walters ordered at that time is beside the point. Walters was not indifferent to Plaintiff's condition if she recognized the issue and ordered appropriate treatment.

**Wexford**

There is insufficient evidence in the record to constitute an issue of triable fact with regard to Wexford. Normally, a private corporation is shielded from vicarious liability under § 1983. However, Wexford is presumed to act under color of state law and is thus treated as though it were a municipal entity. *Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002). To state a claim against Wexford, Plaintiff must demonstrate that the wrongdoers acted pursuant to an unconstitutional policy or custom, *Whiting v. Wexford Health Sources*, *Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 780 & n. 5 (7th Cir. 2015), and that the policy was the moving force behind the constitutional violation. *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)).

Here, Plaintiff has presented no evidence that Wexford had an unconstitutional policy, let alone one that was a moving force behind any constitutional violation. Plaintiff's sole basis for his claim against Wexford is Dr. Trost's alleged statements during an appointment that Wexford had a policy of following prison administrative decisions regarding movement during level-1 lockdowns.

First, there is no indication that Walters- an IDOC employee- was following a Wexford policy in failing to take Plaintiff out of his cell for an examination. Second, as discussed above, Walters' actions did not constitute a constitutional violation. Third, to the extent any policy might have been the "moving force" in the decision not to move Plaintiff for an examination, it would be the IDOC policies or practice regarding level-1 lockdowns. The record presents no genuine issue of material fact as to Plaintiff's claim against Wexford, and Wexford is entitled to judgment as a matter of law.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motions for Summary Judgment (Docs. 75 and 77) are **GRANTED**. Plaintiff's claims against Defendants Walters and Wexford are **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

**DATED:  November 13, 2020**

**David W. Dugan**
**United States District Judge**