IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TED KNOX | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 17-CV-494-DWD |
| | ) |
| WARDEN BUTLER, et al., | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Ted Knox, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"), filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The case is before the Court on his Motion to Vacate the taxation of costs in this matter (Doc. 139) and Motion for Leave to Appeal in Forma Pauperis (Doc. 141).

Two Motions for Summary Judgment filed by Defendants Walters (Doc. 75) and Wexford Health Sources (Doc. 77) were granted and the case was dismissed. (Doc. 130). Seven days after judgment was entered, Defendant Walters filed a Bill of Costs. (Doc. 132). Plaintiff was informed that any objections to these costs needed to be filed on or before December 8, 2020. (Doc. 133). No objection was filed, and costs were taxed on December 10, 2020. (Doc. 138).

Plaintiff filed a Notice of Appeal on December 2, 2020, challenging the grant of summary judgment. (Doc. 134). He filed another Notice of Appeal on December 28, 2020, adding challenges to several of the Court's interlocutory orders. (Doc. 140).

**Motion to Vacate Taxation of Costs**

The Federal Rules of Civil Procedure provide:

> Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party.... The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

FED. R. CIV. P. 54(d)(1). Plaintiff admits that he did not serve an objection to the Bill of Costs within the time mandated by the Court. However, he asserts that this should be excused because he interpreted the Court of Appeals' PLRA Fee Notice and Order (Doc. 137-2, stating that all other proceedings in the appeal were suspended pending assessment and payment of filing fees) as staying assessment of costs. Plaintiff did file the Motion to Vacate within the seven-day review period prescribed by the Federal Rules.

Regardless of whether Plaintiff's untimeliness is excusable or not, the Court finds no basis to vacate the award of costs. Rule 54(d)(1) provides that costs other than attorney's fees **should** be allowed to a prevailing party in the absence of a statute, rule or ruling otherwise. Rule 54 gives prevailing parties a "strong presumptive entitlement to recover costs" other than attorneys' fees. *Perlman v. Zell*, 185 F.3d 850, 858 (7th Cir. 1999); *Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730 (7th Cir. 1999). The specific categories of costs which may be taxed are set out in 28 U.S.C. § 1920, including "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."

Walters was clearly the prevailing party, having obtained judgment in her favor on all claims against her. The costs she claimed— $581.45 paid to the court reporter for

Plaintiff's deposition and transcript— are within the categories allowed by 28 U.S.C. § 1920 and are reasonable under normal rates for such litigation services.

Plaintiff argues that costs should only be shifted to a losing party if the case was "totally unfounded, frivolous or otherwise unreasonable." *Hughes v. Rowe*, 449, U.S. 5, 14-15 (1980). However, that applies only to awards of **attorney's fees**, not other costs as set forth in Section 1920. The costs taxed in this case were not attorney's fees and are therefore presumptively proper. As such, the Court finds no reason to vacate the taxation of costs.

## In Forma Pauperis

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A). *See also Walker v. O'Brien*, 216 F.3d 626, 630-31 (7th Cir. 2009). An appeal is taken in good faith if it seeks review of an issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit. *Walker*, 216 F.3d at 632). A motion to proceed IFP must be supported by an affidavit that shows the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the party intends to present on appeal. See FED. R. APP. P. 24(a)(1).

Plaintiff's affidavit and attached trust account record demonstrate that he continues to qualify as indigent for IFP purposes. (Doc. 141). Further, although some of the issues raised in Plaintiff's second Notice of Appeal may qualify as frivolous, the Court

cannot certify that the appeal as a whole is not taken in good faith.  As such, Plaintiff will be permitted to proceed IFP.

## Disposition

Plaintiff's Motion to Vacate the taxation of costs (Doc. 139) is **DENIED**.  Plaintiff's Motion for Leave to Appeal in Forma Pauperis (Doc. 141) is **GRANTED**.  Based on his trust fund account statements, **IT IS HEREBY ORDERED** that Plaintiff shall make a one-time payment of **$2.93** toward the appellate docketing fee, and is granted leave to proceed IFP with respect to the remainder of the fee.  Plaintiff is **DIRECTED** to pay the **$2.93** to the Clerk of Court upon receipt of this Memorandum and Order.  Payment shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, 750 Missouri Ave., East St. Louis, Illinois 62201.

Plaintiff is **ADVISED** that a litigant who proceeds IFP still owes the fees. If he wins, the fees are shifted to the adversary as part of costs; if he loses, the fees are payable like any other debt.  *Thomas v. Zatecky*, 712 F.3d 1004, 1005 (7th Cir. 2013).

The Clerk is **DIRECTED** to mail a copy of this Order and the certification form to the Trust Fund Officer at Menard Correctional Center. The Clerk of Court is further **DIRECTED** to transmit a copy of this order to the Court of Appeals.

**IT IS SO ORDERED.**

**DATED:  January 6, 2021**

*/s/ Daniel W. Dugan*

**DAVID W. DUGAN**
**United States District Judge**